## CHOICE OF MATERIAL FOR STREET PAVING.

[Circuit Court of Butler County.]

JOHN B. SCOTT, A TAXPAYER, ETC., v. THE CITY OF HAMILTON
ET AL.

Decided, April, 1905.

*Street Improvements—Not a Delegation of Power by Council—To Designate Materials in the Alternative—Discretion of the Board of Public Service in Naming the Material and Awarding the Contract.*

1. A board of public service, where required by a street improvement ordinance to choose one of three materials after bids were received, performs only a ministerial act, and as the agent of the city council executes its legislative command.

2. There is no statutory provision requiring that the discretion of the board of public service in the selection of material for the improvement of a street shall be controlled by the wish of the property owners, and where the board exercises its discretion in good faith, its decisions can not be interfered with by the courts.

3. The provision of Section 143 of the Municipal Code that the public service board "shall make a contract with the lowest and best bidder," does not require that the award be made to the lowest bidder, and where the action of the board in awarding the contract is free from fraud, its discretion can not be controlled.

GIFFEN, J.; JELKE, P. J., and SWING, J., concur.

This action was commenced to enjoin the Board of Public Service of the City of Hamilton from entering into a contract with the defendant, William N. Andrews, to pave East High street with asphalt block, for the reasons:

1. That the city council did not designate the material to be used in such improvement, but left it to the discretion of the board of public service to select either sheet asphalt block, or vitrified brick, after the bids therefor were received.

2. That a majority of the owners of abutting real estate petitioned council to pave with vitrified brick, and that such material is superior for the purpose; and that block asphalt is defective and worthless as a paving material.

* Affirming *Scott* v. *City of Hamilton*, 4 N. P.—N. S., 1,

3. That the bid of William N. Andrews was not the lowest and best; that the contractors who made lower bids were competent and experienced; and William N. Andrews has had no practical or scientific knowledge or experience with this kind of work; that he has no plant and no means of establishing such a plant as is required to prepare said paving material.

4. That the board of public service made no investigation and acted in bad faith.

5. That a portion of the cost of said improvement was to be paid by the city of Hamilton, and that the certificate required by Section 45 of the Ohio Municipal Code was not made by auditor of said city.

6. That asphalt block is a patented article, controlled by a certain company or trust, which prevented competitive bidding for the paving of East High street with that material.

The question to be considered is whether the city council is required by statute to designate the particular material of which the street is to be constructed before bids can be received. Section 55 of the Municipal Code, as passed October 22, 1902, provides as follows—

"At the expiration of the time limited for filing claims for damages, the council shall determine whether it will proceed with the proposed improvement or not; and if it is decided to proceed therewith, an ordinance shall contain a statement of the general nature of the improvement and the character of the material thereof."

The same section as amended April 19, 1904, provides that "the ordinance shall contain a statement of the general nature of the improvement and the character of the materials which may be bid upon therefor."

The intention of the Legislature as expressed either in the original section or as amended, was evidently to authorize council to designate, not the particular material with which the street should be paved, but to state the general character of the same. It is said, however, it is the policy of the Municipal Code to keep separate and distinct legislative and executive function; that the former was conferred upon the city council and the latter upon the board of public service; and that by the ordinance

directing the board of public service to receive bids on three different kinds of material for the improvement, the council delegated its authority to the board of public service without legal sanction. In *State, ex rel Trauger,* v. *Nash, Governor,* 66 O. S., 612, the.third proposition of the syllabus is as follows:

"The duty and power of making appointment to fill a vacancy in the office of lieutenant governor is not specially conferred on the executive branch of the government by the Constitution, and rests whereever the Legislature may vest it. Such duty being imposed on the governor by statute, it is not an executive function but is a ministerial duty."

And on page 618 it is said:

"The governor is allowed no discretion as to acting, however much discretion he must necessarily· exercise in selecting the person whom he shall appoint."

The case of *Hitchcock* v. *Balveston* is as follows:

"Where a city council is vested with power to cause sidewalks in the city to be constructed it may authorize the mayor, and the chairman of the committee on streets and alleys, to make, in its behalf and pursuant to its discretion, a contract for doing the work."

And on page 348 it is said:

"It is true the council could not delegate all the power conferred upon it by the Legislature, but, like every other corporation, it could do its ministerial work by agents. Nothing more was done in this case. The council directed the pavements, ordered them to be constructed of one or the other of several materials, but giving to the owners of abutting lots the privilege of selecting which, and reserving to the chairman of their committee authority to select, in case the lot owners failed. The council also directed how the preparatory work should be done. There was, therefore, no unlawful delegation of power·"

Under these decisions we think that the board of public service, although required by the ordinance to choose one of these materials after the bids were received, only performed a ministerial act and as the agent of the city council executed its legislative command,

After council had determined what materials would be suitable for the particular improvement, the wisdom of receiving bids upon more than one kind is found in the fact that greater competition is hereby secured, and that the relative amount of the respective bids may determine the particular material to be used.

In answer to the second reason assigned why an injunction should be granted, it may be said that the statute makes no provision whereby the discretion of the board may be controlled by the wish of abutting property owners, and so long as the board acts in good faith, its decision controls.

The objection that the bid of the defendant, William N. Andrews, was not the lowest and best, is not a good ground for granting an injunction, because Section 143 of the Municipal Code provides that "the directors of public service shall make a contract with the lowest and best bidder," and if the action of the board in awarding this contract was free from fraud, the discretion thus conferred can not be controlled by the courts. *State of Ohio, ex rel Walton,* v. *Herman,* 63 O. S., 440.

While the members of the board did not make such investigation of the respective merits of the materials bid upon that prudent business men would do, if he were about to make like improvements on his own account, yet they did in good faith make an examination and investigation of the materials bid upon. And while the defendant, William N. Andrews, displayed eagerness and some indiscretion in securing the contract yet his acts were not badges of fraud, but rather the exhibition of undue haste and anxiety to secure the contract.

We hold, therefore, that the transaction was not in the least tainted with fraud. The claim that the auditor had not certified that the money required for the contract was in the treasury to the credit of the fund from which it was to be drawn, can not prevail in this case, for the reason that the contract was not to be performed within one year.

Finally, the evidence shows that at the time of the contract, asphalt block was not a patented article, and there is no evidence to sustain the allegation that there was collusion between

the agent of the trust, William N. Andrews, and the board of public service.

The injunction will be denied.

*Andrews & Harlan,* for plaintiff.

*Warren Gard, Frank Richter* and *U. G. Denman,* for defendants.